## LINA BONNER ET AL. v. R. J. LESSLEY.

1. TRUSTEE. *Removal from the State. Effect.*

' Where the instrument creating a trust provides "that if the trustee named shall *refuse* or become *unable* to execute the trust according to the true intent and meaning thereof," certain persons named "shall have power under his or their hands and seals to appoint some other person to do the same," the trustee by his removal from the State does not become unable to execute the trust nor is such removal a refusal by him to perform the trust.

2. SAME. *Power of appointment.*

Where the instrument requires that the appointment of another trustee shall be made under the hand and seal of the person executing the power, and the execution was in writing acknowledged, but not signed and sealed, it is fatally defective and confers no power upon the person appointed.    ·

3. SAME.   *Void sale.   Purchaser.   Subrogation.*

    The purchaser under a void trustee's sale, if the money paid by him is applied to the extinguishment of the trust debt, becomes the equitable assignee of the debt and is subrogated to the rights of the original *cestui que trust,* and as such entitled to charge the land in equity with the debt paid.   And this right passes to those claiming under him.

4. SAME.   *Equitable right.   How enforced.*

    But this is an equitable right only and must be enforced by application to a court of chancery.   It is only when the equitable estate of the defendant is of such a character that he would be entitled in a court of equity to have a transfer of the legal title, that he may defend in an action at law brought by the holder of the legal title.

5. EJECTMENT.   *Defendant.   Equitable right.*

    Where the extent of the right of the defendant in ejectment is to fix an equitable charge on the property he must submit to a judgment in ejectment and resort to chancery to enjoin its execution until his equitable charge is satisfied.

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

This was an action of ejectment instituted by the appellants, on the 29th day of September, 1882, in the Circuit Court of Wilkinson County.   The agreed state of facts shows that William L. Frazier was, on the 19th of March, 1859, the owner of the entire tract of land described in the declaration, and at the time of his death, which occurred prior to 1865, he was still the owner, except so far as his title was divested by certain conveyances, thereinafter mentioned; that the plaintiff, Lina Bonner, George B. Frazier, and Noland Frazier were his only children.   On the 19th of March, 1859, the above-named William L. Frazier executed a deed of trust on the land mentioned to John P. Dillingham, trustee, to secure the payment of a note for three thousand five hundred dollars, due and payable to William Dowtz on January 1, 1860.   The usual power to sell upon condition broken is granted to Dillingham, trustee, by this deed of trust, and it is therein provided and agreed " that if the said John P. Dillingham shall refuse or become unable to execute this trust, according to the true intent and meaning thereof, that

then the said William Dowtz, his executors or administrators, shall have power under his or their hands and seals, to appoint some other person to do the same, whose acts done in the premises shall be valid to all intents and purposes," etc. This deed of trust was introduced in evidence by defendant without objection. Defendant, appellee, offered in evidence an instrument of substitution purporting to substitute one H. S. Van Eaton as trustee in the above-mentioned deed of trust, in place of the trustee, Dillingham, a notice of trustee's sale, and a deed from H. G. Van Eaton as trustee, to one Caroline A. Frazier. Among other things the instrument of substitution contains this recital, *viz.:* " And whereas, the said John P. Dillingham has removed beyond this State, and thereby become unable to execute the said trust, now, therefore, I, R. A. Dowtz, owner of the estate of Wm. Dowtz, deceased, do thereby appoint H. S. Van Eaton as substituted trustee in place of said John P. Dillingham, etc." This instrument is not under hand and seal—that is, not signed and sealed.

To the introduction of the instrument of substitution, proof of sale and deed from Van Eaton to Caroline A. Frazier, plaintiff, appellant objected, for the reason that the instrument of substitution did not purport to be made upon the happening of any contingency, the appointment of a substituted trustee, and because the same was not under hand and seal.

Appellee then introduced the appointment of substitution, proof of notice of sale, and deed conveying the land mentioned from H. S. Van Eaton, trustee, to Caroline A. Frazier, to the introduction of which in evidence, appellant then and there excepted.

Appellee then offered in evidence a deed of trust from Caroline A. Frazier to H. S. Van Eaton, trustee, and from the latter to appellee, conveying the lands in controversy, which deeds were admitted over the objection of appellant.

Judgment was rendered for appellee.

Defendant appeals.

*D. C. Bramlett,* for the appellant.

1. The only question involved is, did Van Eaton have the power and authority to sell the land and make the deed to Caro-

line A. Frazier, from whom alone appellee derives title? In answer, I say he had no such power, and the deed executed by him is absolutely void.

2. Nothing can be assumed or presumed in construing a grant of this kind, and the very letter thereof must be followed. Perry on Trusts, § 511.

3. I submit that the appointment of Van Eaton was not authorized, and cite the court to the case of *Guion* v. *Pickett*, 42 Miss. 77. This case, which is supported by the highest authority, is conclusive. Perry on Trusts, § 287 *et seq.*

4. But let us concede for a moment only that the event had happened which authorized the appointment. When there is such appointment I hardly think it will be contended that the signing and sealing could be dispensed with. Perry on Trusts, § 511. We cannot indulge in presumptions, for the law requires that there must be a strict adherence to the grant of power by the donee, not only to the substance, but also to all the formalities required in its execution. Perry on Trusts, *supra.*

*J. H. Jones*, for the appellee.

1. The question presented in this case—whether the removal of Dillingham from the State constituted such a contingency as was provided for in the trust—is still an open one in this State.

2. I submit that such removal from the State rendered him clearly "unable" to discharge a personal trust. And if so unable, then the contingency had arisen authorizing the appointment of Van Eaton as substitute trustee.

3. The second ground of objection urged by counsel for plaintiff is that the act of substitution was not signed and sealed, and was therefore a nullity.

4. I again submit that this fact has no bearing on the case, as the record of the act of substitution is entirely unnecessary to the perfection of title in Mrs. Caroline A. Frazier.

5. It is clear that it was so signed and sealed, else the magistrate would have noted so important an omission and withheld the certificate. In support of this position I refer the court to the following cases : *Lovelady* v. *Hawkins*, 6 S. & M. 412 ; *McClanahan* v.

---

*Brack,* 46 Miss. 246 ; *R. R. Co.* v. *Field,* 46 Miss. 573 ; *Lockhart* v. *Camfield,* 48 Miss. 489 ; *Johnston* v. *Wallace,* 53 Miss. 331.

*Calhoun & Green,* on the same side.

1. Has not the plaintiff mistaken her forum ? A bill in equity to redeem the land would present a more attractive appearance, to say the least. The legal title was outstanding in the trustee, Dillingham. The purchaser, and her privies in estate, certainly took under color of title from the ancestor, through the defective (if it was defective, which we shall deny) execution of the power of appointment, and they are therefore the equitable assignees of the security—*Clark* v. *Wilson,* 56 Miss. 753—and should not be disturbed in their *seizin* until tender of payment made.

2. The doctrine that the debt of the ancestor became barred by limitation, after the seizure and sale under the defective execution of the power of appointment, can never be invoked here on familiar principles. The courts will never allow the debtor or his heir to stand still and see the innocent purchasers improve the land, wait until the terms of the statute barred the creditor, claim that this bar divested the legal title from the trustee, and bring ejectment. The possession in good faith disposes of this, and so the legal title remains outstanding in the first trustee and ejectment must fail. We invoke generally the principles in *Weaver* v. *Norwood,* 59 Miss. 680 ; *Barnett* v. *Nichols,* 56 Miss. 628, top page ; *Sarmele* v. *McGority,* 52 Miss. 475.

3. Becoming a non-resident, the trustee, Dillingham, became unable to " seize " the land and " execute the trust according to the true intent and meaning thereof." It has been decided that, where a trustee of property in London domiciled himself in New York he became " incapable " of executing the trust within the meaning of that word. Perry on Trusts, § 292, quoting *Mennard* v. *Welford,* 1 Sm. and Gif. 426, to which volume of reports we have not had access. Where a trustee removes his residence from the State the courts will always appoint another. Perry on Trusts, § 275.

4. The power of appointment was regularly exercised.

COOPER, J., delivered the opinion of the court.

The trustee Dillingham did not become unable to execute the trusts of the deed by his removal from the State, nor was such removal a "refusal" by him to perform the duties of trustee. It can only be said that by his removal the trustee rendered it more inconvenient to perform the duties imposed by the deed, but convenience and capacity are wholly different things, and the grantor provided only for inability on the part of the trustee or a refusal on his part to act. If the power of appointment had existed it is not shown to have been executed under the terms of the deed. The deed required that the appointment should be made in writing, and under the hand and seal of the person executing the power, the execution was by writing acknowledged, but neither signed nor sealed, it was therefore fatally defective, and conferred no power on the person appointed. Hill on Trustees 177, 185.

Mrs. Frazier, however, by her purchase under the void sale, if the money paid by her was applied to the extinguishment of the trust debt, became the equitable assignee of the debt and subrogated to the right of the original *cestui que trust,* and as such entitled to charge the land in equity with the debt paid, *Clarke* v. *Wilson,* 56 Miss. 753, and this right passed to those claiming the estate under her.

But this is an equitable, and not a legal right, and can only be enforced by application to a court of chancery. It is only where the equitable estate of the defendant is of such character that he would be entitled in a court of equity to have a transfer of the legal title, that he may defend in an action at law brought by the holder of the legal title. *Lockhart* v. *Camfield,* 48 Miss. 471; *Land* v. *Keirn,* 52 Miss. 341.

Where the extent of the right of the defendant in ejectment is to fix an equitable charge on the property, or, in other words, where the plaintiff has both the legal title and a beneficial interest in the land, the defendant must submit to a judgment in ejectment and seek the intervention of the court in chancery to enjoin its execution until satisfaction is made of his equitable charge. *Hill* v. *Billingsley,* 53 Miss. 111; *Magee* v. *Wallis,* 57 Miss. 679.

*Judgment reversed.*