Illinois Central Railroad Company v. Randle Hawkins.

Mortgage.  *After condition broken.  Action by mortgagor for damages to property.  Case in judgment.*

H. was in possession of a mule which he had previously mortgaged to M. The condition of the mortgage was broken, but there had been no sale thereunder. The mule was killed by a railroad company's train, and H. brought

an action to recover damages therefor. On the trial the defendant offered to show that H. was only mortgagor in possession after condition broken, in order to limit the extent of the recovery. *Held,* that such evidence was inadmissible; that H. could recover to the full extent of the damage, by virtue of Sec. 1204, Code of 1880, which provides that a mortgagor in possession of mortgaged property after condition broken and before sale shall be deemed the owner of the legal title except as against the mortgagee, his assignee, or the trustee.

APPEAL from the Circuit Court of Lafayette County.

HON. W. S. FEATHERSTON, Judge. .

This is an action brought by Randle Hawkins against the Illinois Central Railroad Company to recover damages for the killing of a mule.

The mule was shown to have been in possession of plaintiff at the time it was killed.

On the trial the defendant offered in evidence an unsatisfied deed of trust on this mule, executed by plaintiff in favor of one Roach, trustee, for the benefit of one McLeod, the day for the performance of the conditions of which had passed. The court refused to allow the deed to be received in evidence. The jury found for the plaintiff and there was judgment accordingly. The defendant appealed.

*W. P. & J. B. Harris,* for the appellant.

Unless the court will hold upon the facts stated in this case, that a recovery by the mortgagor will be a complete bar to a subsequent action by the mortgagee, we fail to see upon what principle the mortgage was excluded from the jury. Will the court apply the doctrine, *nemo vis vexaria,* to this case?

*H. A. Barr,* on the same side.

The legal effect and operation of a mortgage of personal property, after the condition is forfeited, is to invest the mortgagee with an absolute title to the mortgaged property, and the legal result is the same, whether it is a mortgage or deed of trust. *Thornhill* v. *Gilmer,* 4 Smedes & Marshall, 163.

The mortgagor in possession may sue in trespass; and whilst it is true that a mere stranger cannot question his right of possession, and put him upon proof of his title, still it is true that he cannot recover beyond his right. If he has only posses-

sion, without any title to the property, he can recover to the extent of the injury to his possession, but not for an injury to the property.

A tortious act is not an entirety as to the persons affected by it. It may affect several persons and do an injury to each. If one person has the possession and another the reversionary title, each may bring a separate and independent action, and the damages to each will be such as are appropriate to the terms by which he holds, and such as result from the injury he has sustained.

3 Sutherland on Damages, 365; *Gilbert* v. *Kennedy*, 22 Mich. Rep., 5.

*Sullivan & Whitfield,* for the appellee.

The Court will observe, that the only error complained of in this case, is, that the Court below excluded the trust deed, by which it was sought to show that as between the grantor in that instrument and the Rail Road Company the title to the property injured was not in the grantor.

This was right, on the authority of the former decision of the Supreme Court of this State, as announced in the case of *Loeb* v. *Chicago R. R. etc.,* 60 Miss. Rep., 933, and in the cases there cited on page 938.

It was right on the Statute, if the Statute means anything. See Section 1204, Code of 1880.

COOPER, C. J., delivered the opinion of the Court.

The single question presented in this case is whether a wrong doer who has destroyed personal property which had been mortgaged by the owner may, when sued by the owner, diminish the amount of his recovery by showing an outstanding forfeited mortgage, the mortgagor having remained in possession after breach of the condition of the mortgage.

The court below excluded the evidence when offered, and we approve its ruling.

In most of the states a mortgage upon lands is viewed in law, as in equity, as merely a security for the payment of the mortgage debt, and not as an estate in land except so far as to enable the mortgagee to acquire possession as an aid

to the collection of his debt. But as to mortgages on personal property, a different rule seems to prevail, and after breach of condition the mortgagee is considered, in law, as the owner of the property.

Jones on Chattels, Mortgages, 699.

In *Everman & Co.*, v. *Robb*, 52 Miss. 653, Simrall, C. J., in delivering the opinion of the Court said arguendo, that this rule prevailed in this State, and that after forfeiture of the condition the mortagagee was at law vested with the absolute title to the mortgaged chattel.

But in *Buck* v. *Payne & Raines*, Id., 271, the change wrought by our code provision had been considered and applied as well to mortgages of personality as to realty.

That provision is that " before a sale under a mortgage, or deed of trust; the mortgagor or grantor shall be deemed the owner of the legal title of the property conveyed in such mortgage or deed of trust except as against the mortagagee and his assigns, or the trustee after breach of condition of such mortgage or deed of trust." Code of 1880, Section 1204.

The effect of this provision must be to preclude a stranger from interposing the mortgage or deed of trust as an obstacle against the mortgagor or grantor seeking to recover either the specific property or damages for its injury or destruction.

The only effect of evidence of the mortgage and its forfeiture would be to show that another had the legal title with a right to immediate possession, whereby the estate of the mortgagor would be cut down from that of owner to that of a mere possessor at the will of another. But the Statute declares that such shall not be the effect of a mortgage after forfeiture; but that notwithstanding such forfeiture, the mortgagor shall continue as before the legal owner as against all persons other than the mortgagee, or trustee in a deed of trust.

The argument of appellant is that it is liable to respond to the mortgagee for the injury done to him by the destruction of the property to the extent of his mortgage debt, and because of the maxim *nemo bis vexari*, it is contended that the plaintiff herein can not have full recovery. We deem it unnecessary to decide whether the appellant is or is not subject to a suit at the

instance of the mortgagee, for if it be true that the mortgagee may recover, that would not affect the right of the plaintiff to have a full recovery in this action by force of the Statute. It is more competent for the legislature to abrogate the maxim *nemo bis vexari*, than for us to repeal by construction, the legislative declaration that the mortgagor in possession is as against the world (other than the mortgagee) the owner at law of the mortgaged property. It may be that there may be cases in which the tort feasor would be in danger of a suit by the mortgagor and also of one by the mortgagee, but relief if there be any must be had at the hands of a Court of Equity by a bill of interpleader.

*Affirmed.*