### CLAIBORNE W. BOLTON *v,* TOBIAS ROEBUCK.

1. BOND FOR TITLE. *Possession of land.*

   One put in possession of land under a bond for title is in legal and rightful possession until he fail to make payment of the purchase money after demand therefor and tender to him of a proper conveyance.

2. SAME. *Ejectment. Defense.*

   A party rightfully in possession of land under a bond for title can set up his right as a defense to an action of ejectment; such defense is not a mere equitable one.

3. LAND. *Possession. Notice.*

   Actual possession of land by occupancy puts the world on inquiry as to the extent of the occupant's claim, and is equivalent to actual notice.

FROM the circuit court of Pontotoc county.

HON. EUGENE O. SYKES, Judge.

Bolton, the appellant, was plaintiff in the court below; Roebuck, the appellee, was defendant there. The facts are stated in the opinion of the court.

*J. D. Fontaine,* for appellant.

In ejectment, only the legal title is involved, and equitable defenses are inadmissible. *Morgan* v. *Blewitt,* 72 Miss., 903; *Edwards* v. *Edwards,* 15 So. Rep., 42.

The vendee under an executory contract cannot defeat ejectment by the vendor, even though all of the purchase money has been paid, because he has not a legal title. *Collins* v. *Doe,* 33 Ala., 91; *Nickles* v. *Haskins,* 17 Ala., 619. And in order to fix an equitable charge upon the land, he must submit to a judgment in ejectment and then resort to chancery. *Bonner* v. *Lessley,* 61 Miss., 392. Even a petition to have the case transferred to the chancery court, to the end that he might in-

terpose his claim to have the title to the land divested from the plaintiff and vested in himself, cannot be granted, because in this action the legal title to the land alone is involved, and that should be tried in a court of law. *Edwards* v. *Edwards,* 15 So. Rep., 42, and although, as a general rule, possession acquired under an executory contract of purchase, being right-ful in its inception, something *ex post facto* must be done to make it tortious. He must repudiate the contract under which he entered, and fail to comply with its terms. The equities between the parties must be determined in another pro-ceeding. *Moak* v. *Bryant,* 51 Miss., 560; *Gregg* v. *Von Phul,* 1 Wall. (U. S.), 274.

The appellee (vendee) was in default in this case at the time of the sale and conveyance of the land to F. W. Bolton, ap-pellant's vendor. He had purchased the land from Selina Huntington, ancestor of F. W. Bolton's vendor, in 1885, and had not paid the purchase price in 1894, when sale and convey-ance was made to F. W. Bolton. He had wholly failed to comply with the terms of the executory contract of purchase un-der which he entered, and his possession could do no more than give F. W. Bolton, the purchaser, notice of the title or contract under which he held possession of the land. ˙ *Strick-land* v. *Kirk,* 51 Miss., 795. And, moreover, the sale of the land to F. W. Bolton operated as a rescission of the contract with appellee, Roebuck, and they could not enforce the contract against appellee, or recover possession of the land. ˙ *Clymer* v. *Powell,* 56 Miss., 672.

*W. D. Anderson,* for appellee.

By the verdict for the defendant the jury found that the bond for title had never been canceled, that Roebuck had never become a tenant. These questions were in issue as well as the question whether F. W. Bolton paid the land out for Roebuck, or bought it outright and rented it to him. The find-ing of the jury will not be disturbed unless palpably unsupport-

ed by the testimony. *Railroad Co.* v. *Doggett,* 67 Miss., 250;
*McAlexander* v. *Puryear,* 48 Miss., 420; *Buckingham* v. *Walker,* 48 Miss., 609.

There is nothing in the proposition contended for by counsel for appellant that the defense set up by the defendant in this case is an equitable one.

It must be borne in mind that the legal title alone is not in issue in an ejectment suit, but the right to the possession as well. *Kirk* v. *Hamilton,* 102 U. S., 578; *Dickerson* v. *Colgrove,* 100 U. S., 68. The vendor in a bond for title that is valid and subsisting cannot recover in ejectment against the vendee. He could show the legal title, but his case would fail because he could not go further and show that he was entitled to the possession. The same would be true of his subsequent vendee, who would have no better right than the vendor. The Mississippi cases cited by counsel on the other side have no application to the question. Those cases hold that the legal title is involved in an ejectment suit, but they do not hold that possession is not also involved.

CALHOON, J., delivered the opinion of the court.

Roebuck bought some land from Mrs. Selina Huntington, the common source of title in this action of ejectment, and took from her a bond for title in 1885, and went on the land and has been in possession of it ever since. The purchase price was eight bales of bottom, two to be paid each year for four years, and he was generally short in his payments. Mrs. Huntington, and her heirs after her death, seem to have dealt somewhat loosely, though kindly, with him, and it seems that it was agreed in 1894 between him and the heirs of Mrs. Huntington that he still owed $75 on his purchase.

On January 19, 1894, the heirs of Mrs. Huntington, for $75, conveyed the land with general warranty to F. W. Bolton, who, on January 1, 1897, conveyed it for $75 with general warranty to her son, C. W. Bolton, who on June 7, 1897,

brought this action of ejectment against Roebuck, after being tendered and refusing what was due from Roebuck on his purchase from Mrs. Huntington, and refusing to make a conveyance then demanded.

Between the purchase by Mrs. Bolton, in 1894, her sale to her son, who was the plaintiff below, Roebuck was permitted to remain on the land for $7.50 each year and taxes, he claiming to hold under his bond for title and not as lessee, and that the money was a simple loan, and Mr. Bolton claiming that he holds as lessee by agreement. Bolton claims the $7.50 to be rent; Roebuck claims it was merely interest on the $75.

The evidence pro and con, the question of tenancy under Mrs. or Mr. Bolton as landlord, was clearly admissible, and it was properly submitted to the jury, which determined by its verdict that Roebuck did not hold as lessee. This being settled, the determination of one question disposes of the whole case. That question arises out of the contention of appellant that Roebuck's claim of being in possession under bond for title is an equitable defense, and, therefore, cannot be set up at law in an action of ejectment. This is a mistake. Ejectment involves the right of immediate possession. One who is in possession of land under a bond for title is in legal and rightful possession, until he is, not only in default of payment, but also until his vendor, or any grantee of his vendor, tenders him a proper conveyance and demands payment of unpaid purchase money. The possession by the person who occupies land puts the whole world on notice of, and inquiry as to, the extent of his claim.

*Affirmed.*