J. M. GRIFFIN Co. v. JERNIGAN et al.

(Division B. April 30, 1934.)

[154 So. 342. No. 31149.]

E. M. Livingston, of Louisville, and W. B. Lucas, of Macon, for appellant.

**Green, Green & Jackson,** of Jackson, for appellant.

Magruder, Walker & Magruder, of Starkville, for appellees.

L. L. Martin, of Macon, for appellees.

Argued orally by **Garner Green**, for appellant, and by **L. L. Martin** and **W. W. Magruder**, for appellees.

**Griffith, J.**, delivered the opinion of the court.

The Lamiss Lumber Corporation was the owner of a sawmill, a logging railroad, and a large tract of timber and timber lands in this state. On the 3d day of May, 1932, the said owner entered into a written contract with

the J. M. Griffin Company, appellant herein, the effect of which, taking all its numerous provisions into consideration, was that the owner, for a total consideration of the principal sum of about five hundred eighty-five thousand dollars, agreed to sell to the Griffin Company, and the latter agreed to buy, all said property, and to pay the entire of said consideration with interest, and it was a part of said agreement that immediate possession would be delivered to the purchaser, and such possession was delivered. If, however, it may be said that, because of the obscurity of some of the many elaborate provisions of the contract, there is doubt whether the contract absolutely obligated the purchaser to purchase all the property and to pay the entire sum mentioned with interest, we may observe that there is no doubt that the seller agreed to sell, and the purchaser obligated itself to purchase, and in any event to pay for, all the timber held by timber deeds, and which contained a time limit for removal; and, since the timber involved in the case now before us is of that class, this is sufficient so far as concerns the principles to be applied.

Apparently only a comparatively small cash payment was made. The contract evidences the general purpose of the parties thereto that the purchaser was to be enabled to pay the balance or the larger part thereof by the proceeds of the operation of the plant and the progressive utilization of the timber. It was therefore provided in the contract of sale that the purchaser should have the right to cut the timber and manufacture the same in said sawmill plant, but that, after the first four million feet had been cut, then as to further cuttings the purchaser before cutting should designate the descriptions of the timber proposed to be cut, and should pay in cash according to the respective estimates attached to the contract at the rate of four dollars and fifty cents per thou-

sand feet for the descriptions so designated, these payments to be credited on the total purchase price and interest, and which designations and payments should be evidenced by a release, so-called, of the particular lands covered by said designations.

Appellees had conveyed to the predecessor in title of the Lamiss Lumber Corporation the timber on the lands here particularly involved, together with all the usual logging rights of way, and this timber was included in the contract between Lamiss Corporation and the Griffin Company. The timber deed by appellees appears of record to be dated November 8, 1923, and the period granted for the removal of the timber appears on the deed to be ten years. On September 6, 1933, the Griffin Company went upon these lands of appellees, and to which appellees had granted the timber together with the rights of way aforesaid, and was preparing to cut the timber thereon when the servants of the Griffin Company were driven therefrom by one of appellees with force and arms, and upon the claim that the timber rights on this particular land had expired. The Griffin Company thereupon filed this suit to enjoin appellees from interfering with said cutting, and praying that the court adjudge the Griffin Company to be entitled on final decree to an extension of time for the removal of the said timber equal to the period from September 6, 1933, to November 8, 1933, this period of time to run from the date of final decree, weather conditions also to be considered.

The Lamiss Lumber Corporation was not joined as a party in the said suit, but the defendants did not raise that point in any appropriate manner either before or during the progress of the hearing in the trial court. It was shown by the testimony that at all times up to and including the day of trial the Griffin Company was in the possession of said property under said contract, and that

all the terms thereof had been and were being complied with by the Griffin Company; and the testimony shows that the seller has had on the ground a representative to see that its terms were complied with. But it did not specifically appear either in the pleadings or in the testimony whether, in fact, before attempting to cut the particular timber here involved, the Griffin Company had procured the release therefor, hereinabove mentioned, as a general requirement. And upon the argument appellees raised the point and relied thereon that, until the Griffin Company had obtained such a release for this particular timber, and showed such fact in evidence, it had no right to enter upon this particular timber, and in attempting to do so was a trespasser. The trial court sustained appellees' contention upon the point mentioned, and, acting upon that point alone, as shown by the record, dismissed the suit.

It has long been the settled rule in this state that, when possession has been delivered to the vendee under a binding contract of sale and purchase, and so long as that contract remains in force, the retention of title by the vendor until purchase money paid in full is in legal effect the same as conveying the title and taking security by mortgage. Tanner v. Hicks, 4 Smedes & M. 294; Strickland v. Kirk, 51 Miss. 795; Watson v. Sawyers, 54 Miss. 64, 66. Or, as sometimes expressed, "the vendor . . . holds the legal title only as trustee for the vendee, . . . while the beneficial interest rests in the vendee." Carpenter v. Douglass, 104 Miss. 74, 82, 61 So. 161, 162, 425. The rule is general. 1 Pomeroy Eq. Jur. (4 Ed.), sec. 368. And it is equally well settled that a stranger to a mortgage cannot interpose the mortgage or any of its terms as an obstacle against the mortgagor seeking to recover either the specific property or damages for its injury or destruction. Illinois Central R. Co. v. Hawkins, 65 Miss. 200, 3 So. 410.

Here there was a perfect privity between the Lamiss Lumber Corporation and the Griffin Lumber Company; and on the face of the recorded deeds the Lamiss Corporation owned this timber by mesne conveyances from appellees. When the Lamiss Corporation made its contract to sell this property, including this particular timber, to the Griffin Company, and the latter agreed to buy and pay for it, and the latter was put in possession under the contract, all the terms of that contract were, in respect to the details of its performance, matters which concerned only the immediate parties thereto. The provision that, before cutting a particular piece of timber, the Griffin Company should procure a release from the seller, was a stipulation solely for the benefit of the seller, and was one which the seller could waive, 38 C. J. p. 178; and no other person than the parties to that contract had any interest as to whether it was or was not waived. Thus there comes into full operation the principle often announced and which has already been noted as having been applied in effect in the Hawkins Case, supra, that it is not usually competent for a defendant to raise questions which properly belong only to other parties and which those other parties may rely on or waive as they see fit. See Griffith, Miss. Chan. Pr., sec. 585, and cases cited in the notes thereto. This is not a proceeding to confirm title or to cancel clouds on title, and there is no other unusual feature which takes this case out of the general rule just stated, but in our opinion the facts here bring the point relied on by the defendants completely within that rule.

Other matters are presented and argued by the parties in their briefs, but, since the record shows that the court acted solely upon the point above dealt with, we must confine ourselves to that point, else we would be reviewing; on appeal, matters that have not been adjudged by the trial court.

Reversed and remanded.