HYTKEN *et al. v.* BIANCA.

(Division A.  Feb. 20, 1939.)

[186 So. 624.  No. 33550.]

ON SUGGESTION OF ERROR.

(Division A.  May 1, 1939.)

[188 So. 311.  No. 33550.]

Cooper & Thomas, of Indianola, for appellants.

Moody & Davis, of Indianola, for appellee.

**Moody & Davis,** of Indianola, for appellee on Suggestion of Error.

**Smith, C. J.,** delivered the opinion of the court.

This is an action of ejectment by the appellee to recover from the appellants the possession of a house and

lot in Indianola, Mississippi. In support of his claim to possession of the property, the appellee introduced in evidence a deed to him thereto from Catherine Conguista, executed on September 9, 1936, who had purchased it from Antonio Conguista, in July, 1936, both of whom are citizens and residents of Italy. The appellants then introduced in evidence a two-year lease to the property to the appellant, Hytken, with an option for the renewal thereof for a period of not exceeding three years, at a monthly rental of $15, executed on May 14, 1936, for and in the name of Antonio Conguista, the then owner of the property, by Paul Conguista, as his attorney in fact; that Hytken immediately entered into possession of the property and paid the rent thereon when due to Antonio Conguista's agent until it was purchased by the appellee, and thereafter to him. They then introduced a record of the chancery clerk's office setting forth Paul Conguista's power of attorney from Antonio Conguista, but, as it was not acknowledged, it was not properly of record, and, on objection by the appellee, was excluded from the evidence. The appellants then introduced parol evidence that the original of his power of attorney had been lost, but was identical with the record copy thereof, and that the signature thereto was that of Antonio Conguista, but was identical with the record copy thereof, and that the signature thereto was that of Antonio Conguista, that it had been prepared by an attorney at law in Indianola, mailed to Antonio, and thereafter received by the attorney in due course of mail, and delivered by him to Paul.

On objection by the appellee this lease and its accompanying power of attorney were excluded by the court. In support of this ruling the appellee says: (1) The lease was void as such for the reason that Paul Conguista's letters of attorney were not "acknowledged or proved and recorded" as required by Section 2949, Code of 1930; (2) the lease if void as such cannot be held to be a contract to make a lease for the same reason, and; (3)

if the lease should be held to be a contract to make a lease the appellants' rights thereunder are equitable only, and that equitable defenses are not admissible in an action of ejectment.

The first of these questions may and will be pretermitted and no opinion expressed thereon for the reason that we are of the opinion that under the cases hereinafter cited the lease, if void as such, constitutes in equity a contract to make a lease, and is admissible in evidence in support of the appellants' claim to continue in possession of the property.

Section 2949, Code of 1930, according to Lobdell et al. v. Mason, 71 Miss. 937, 15 So. 44; Hopper et ux. v. McAllum, 87 Miss. 441, 40 So. 2; and Hutchinson v. Platt et ux., 119 Miss. 606, 81 So. 281, has no application to contracts by an attorney in fact for the making of a lease, but that such contracts are governed by Section 3343, Code of 1930. That section provides:

"An action shall not be brought whereby to charge a defendant or other party:

.  .  .  .  .  .  .

"(c) Upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one year;

.  .  .  .  .  .  .

"Unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some person by him or her thereunto lawfully authorized in writing."

The words "in writing" at the end of the section first appeared therein by Chapter 152, Laws of 1926. In Lobdell et al. v. Mason, supra, decided before this amendment to the statute was made, this Court held that a lease for more than a year made for his principal by an attorney in fact under verbal authority so to do was void as a lease but valid in equity as a contract to make a lease.

The only change in this decision wrought by the addition of the words "in writing" to the statute is that the agent's authority must now be in writing. It follows that if the lease here under consideration is void as such, as to which we express no opinion, it is valid in equity as a contract to make a lease, the agent's appointment being in writing.

It is true that equitable defenses are not generally admissible in an action of ejectment. This Court, however, and some others recognize this exception thereto, viz: "possession by a defendant under a contract of purchase, so long as he is not in default." 19 C. J. 1084. Bolton v. Roebuck, 77 Miss. 710, 27 So. 630. There can be no difference in this respect between a contract of purchase and a contract for a lease.

The lease and power of attorney should have been admitted in evidence.

Reversed and remanded.

**Griffith, J.**, delivered the opinion of the court on suggestion of error.

In our original opinion we held that although it might be conceded that appellants' lease was invalid as a legal lease, it was sufficient as a contract to make a lease, which contract would be fully enforceable in equity, and we thereupon cited and relied on Bolton v. Roebuck, 77 Miss. 710, 27 So. 630, wherein it was held that possession under a bond for title was a good defense in ejectment, although such a defense might in some of its aspects be denominated as equitable; and we said, in such reliance, that there can be no difference in this respect between possession under a contract for the purchase of the land as against possession under a contract for the lease thereof.

Appellee has filed an able and elaborate suggestion of error in which he takes the position that since our present statute, Section 1427, Code 1930, as now worded, al-

lows a plaintiff in ejectment to prevail where he "is legally entitled to the possession of the land," no defense whatever is available which in its nature is equitable. But this particular statute adds nothing to the law in this respect, as it already existed from the beginning of the jurisprudence of this state. See Winn v. Cole's Heirs, Walk. 119. The present statute adds nothing in the respect mentioned to what was the law when Bolton v. Roebuck was decided. And all along down the line it has been said that as against a defendant in actual possession the legal title will not prevail in ejectment when the defendant "has a complete equitable title sufficient to draw to it the legal title." Land v. Keirn, 52 Miss. 341, 351, citing Lockhart v. Camfield, 48 Miss. 470, 484, and Thompson v. Wheatley, 5 Smedes & M. 499. Or, as expressed in Bonner v. Lessley, 61 Miss. 392, 397: "Where the equitable estate of the defendant is of such character that he would be entitled in a court of equity to have a transfer of the legal title, that he may defend in an action at law brought by the holder of the legal title.

Nothing new was announced, therefore, in Bolton v. Roebuck, supra; nor does appellee contend that it was erroneously decided. He says, however, that in that case the defendant had an equitable estate, by reason of the legal contract to convey the lands, and cites the recent case, Griffin Co. v. Jernigan, 170 Miss. 343, 154 So. 342, 344, as being analogous in principle, wherein it was said: "It has long been the settled rule in this state that, when possession has been delivered to the vendee under a binding contract of sale and purchase, and so long as that contract remains in force, the retention of title by the vendor until purchase money paid in full is in legal effect the same as conveying the title and taking security by mortgage,"—citing previous cases. But appellee says that appellants here have only an equitable right as distinguished from an equitable estate.

In Collins v. Wheeless, 171 Miss. 263, 267, 157 So. 82, we said that a lease operates as a demise or conveyance

of the property for a specified period of time, citing Rich v. Swalm, 161 Miss. 505, 515, 137 So. 325. If a contract to make a sale of land to a person in possession operates to vest an equitable estate, it follows that a contract to make a lease to a person in possession operates also to vest an equitable estate,—for the specified duration of time, and in a sufficient measure to satisfy the rule.

But back of all this, in so far as the present case is concerned, lies the fundamental principle that no man may recover in any action or suit, whatever may be its nature, when so to do, and in order to prevail therein, he must repudiate or withdraw, for no reason other than his own volition, an existing right which he himself has validly granted to the opposite party. In order to maintain any action or suit there must be (1) a right on the part of the plaintiff, and (2) a wrongful violation of that right by the defendant. Both elements are absent in this case, so far as the present record is concerned. 1 C. J. S., Actions, section 1, p. 939; 1 Am. Jur. pp. 417-419.

Here the plaintiff's grantor had put appellants in possession and had granted to them a valid contract to make unto them a lease for a specified period of time. The grantor could not eject the occupants who went into possession under him, and under such a contract with him which contemplated a continuance of that possession. He could not say that he was entitled to possession as against those he had himself put into possession under such a contract. Under his contract and delivery of possession he had himself agreed by his own act that appellants were rightfully in possession, wherefore he could not say by an ejectment action, or any other action, that they were wrongfully in possession. And since appellants were in actual possession at the time of appellee's purchase, his rights against appellants are no greater than those of the original grantor.

Suggestion of error overruled.