514 So.2d 338 (1987)
John W. MARTIN
v.
John Allen PHILLIPS and Carolyn D. Phillips.
No. 56649.
Supreme Court of Mississippi.
September 23, 1987.
Rehearing Denied November 18, 1987.
*339 Cliff R. Easley, Jr., Yancy, Easley & Cooper, Bruce, for appellant.
Alan M. Purdie, Jay Gore, Jr., Gore, Gore & Purdie, Grenada, Paul M. Moore, Sr., Calhoun City, for appellees.
Before WALKER, C.J., and PRATHER and ANDERSON, JJ.
WALKER, Chief Justice, for the Court:
This case is before the Court on appeal from the Circuit Court of Grenada County, where the lower court dismissed John Martin's action for ejectment pursuant to a motion made under Miss.R.Civ.P. 12(b)(6). From this adverse decision, Matin appeals making one (1) assignment of error.

FACTS
In 1962 John W. Martin and his wife, Grace P. Martin, owned three hundred forty (340) acres in Grenada County, "as a joint estate with the right of survivorship and not as an estate in common." On or about January 20, 1969, John Martin disappeared from his home. According to the appellee's pleadings, Martin parked his car near the Grenada Reservoir spillway, was wholly insolvent at the time, and was not heard from again by friends or relatives for almost fifteen (15) years.
In 1976, Grace filed an action in the Chancery Court of Grenada County to have John declared dead in accordance with § 13-1-23 of the Mississippi Code. Subsequently, on May 14, 1976, such court entered an order adjudging John to be deceased which stated:
1. That Grace was the wife and sole heir at law of John Martin.
2. That John Martin has either remained beyond the sea, absented himself from this State, or concealed himself in the State, for seven years and more successively without being heard of.
3. That Grace and others believe John Martin to be dead.
On July 22, 1977, Grace conveyed the subject property to John and Carolyn Phillips, who had been leasing the property with an option to purchase. According to the Phillipses, good and valuable consideration of $95,000.00 was given for the property.
In August of 1983, John Martin re-appeared in Grenada County. There is nothing in the record that explains Martin's fifteen (15) year absence.
Following his spectral reemergence from the dead, John filed an action in chancery court to have the May 14, 1976 order declaring him to be dead set aside, and to have all property formerly owned by him restored. On February 23, 1984, the order declaring John dead was set aside, but the chancellor refused to restore all property to him. Subsequently, Martin filed, on October 9, 1984, the present action to eject the Phillipses from the subject property, alleging the following:
1. The Phillipses entered onto the property in question without legal right and ousted Martin.
2. The Phillipses are claiming title to the property pursuant to an invalid deed from Grace Martin.
3. The Phillipses were aware that the deed was invalid and void in the event Martin was alive.

*340 4. That Martin was damaged in the amount of $100,000 as a result.
Ensuingly, the Phillipses filed a motion to dismiss Martin's complaint in accordance with Miss.R.Civ.P. 12(b)(6). On May 20, 1985, the lower court heard argument with regard to the Phillips' motion, and ruled as follows:
The Court finds that the Plaintiff, John W. Martin, and his wife, Grace P. Martin, were the owners of the property in question in this suit; that in January, 1969, the said John William Martin disappeared and by decree of the Chancery Court of Grenada County, Mississippi, in Cause Number 13,267 was decreed to be deceased; that thereupon title to the property was in the survivor, Grace P. Martin; that she thereafter conveyed the property to the Defendants.
The Court finds that that conveyance was a valid conveyance in view of the Chancery Court's adjudication that the said John W. Martin was deceased.
The Court finds that the Chancery Court of Grenada County in said cause numbered 13,267 by decree of the 23rd day of February, 1984, sets aside its previous adjudication of death, without restoration of property, and the Court finds that the conveyance of Grace P. Martin to the Defendants in this cause was executed before the second order vacating the adjudication of death; therefore, said conveyance was valid and conveyed both her own title and also the title that she inherited from her supposedly-deceased husband.
The lower court dismissed Martin's case on its merits with prejudice. It is this ruling from which he appeals.

I. DID THE LOWER COURT ERR IN SUSTAINING THE APPELLEE'S MOTION TO DISMISS THE APPELLANT'S COMPLAINT WITH PREJUDICE?
Martin bases his theory of recovery on Miss. Code Ann. § 13-1-23, which states:
§ 13-1-23. Presumption of death.
Any person who shall remain beyond the sea, or absent himself from this state, or conceal himself in this state, for seven years successively without being heard of, shall be presumed to be dead in any case where his death shall come in question, unless proof be made that he was alive within that time. Any property or estate recovered in any such case shall be restored to the person evicted or deprived thereof, if, in a subsequent action, it shall be proved that the person so presumed to be dead is living. (Emphasis added)
It is appellant's contention that the latter portion of this statute dictates that the three hundred forty (340) acres in question, transferred to the Phillipses in 1977, must be restored to his ownership. But, Martin's interest in the subject property is not the sole concern of this Court. We must weigh against his interest those of the Phillipses, as bona fide purchasers of the property, and those of Grace Martin, as the seller of the property.
As previously stated, the lower court dismissed Martin's suit for ejectment pursuant to Miss.R.Civ.P. 12(b)(6). To grant a 12(b)(6) motion, there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim. The final sentence of Rule 12(b) states:
If, on a motion to dismiss for failure of the pleadings to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56... . (Emphasis added)
At trial, the lower court asked that all relevant deeds and decrees be admitted into evidence. It is apparent that the motion was treated as one for summary judgment. In fact, both parties now agree that the issue before the trial court was whether or not there was a genuine issue of material fact. Miss.R.Civ.P. 56.
The Phillipses argue that the grant of the Rule 12(b)(6)/56 motion was proper, among other reasons, on the ground of *341 equitable estoppel. Indeed, this Court has stated that equitable defenses are valid in an action for ejectment. Hytken v. Bianca, 186 Miss. 323, 186 So. 624 (1939). Further, in a similar context, it has been stated that where an original seller by his own acts makes it possible for a vendor to sell the property to a bona fide purchaser for value without notice, the original seller cannot recover the property from the bona fide purchaser. First National Bank of Mishawaka v. Associates Investment Co., 140 Ind. App. 394, 221 N.E.2d 684 (1966). For the Phillipses to prevail on this theory, they must show that Martin, by his conduct in simply vanishing, intentionally and falsely represented that he was dead, or that he intentionally concealed the fact that he was alive during the seven-year statutory period, and that they were ignorant of the truth that he was alive, and such acted as an inducement for them to purchase the subject property in reliance upon the 1977 decree declaring Martin dead. Deposit Guaranty Nat. Bank of Jackson v. Prudential Ins. Co. of America, 195 So.2d 506 (Miss. 1967). But, the record does not reflect or develop any of these details, due to the fact that the lower court granted the Phillips' 12(b)(6)/56 motion, which in essence found that there was no question of any material fact. If such detrimental reliance upon a decree pursuant to Miss. Code Ann. § 13-1-23 can be shown, this Court will not allow the party presumed to be dead (in the present case Martin) at some late date to be restored to his property. Therefore, we must remand the present case to the lower court to more fully develop the following facts:
1) The circumstances surrounding Martin's disappearance in 1969;
2) Why and where Martin secluded himself for some fifteen (15) years;
3) The details surrounding the 1977 decree pursuant to Miss. Code Ann. § 13-1-23, including the possibility of any scheme or collusion between Martin and his wife; and
4) The knowledge and beliefs held by the Phillipses concerning Martin's death at the time of the purchase of the subject property.
Reversed and remanded for further proceedings within the guidelines set forth above.
REVERSED AND REMANDED.
ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.
HAWKINS, P.J., not participating.
ANDERSON, J., dissenting without written opinion.