## MORROW *vs.* HIGGINS.

[BILL IN EQUITY TO OBTAIN LEGAL TITLE AND ENJOIN ACTION AT LAW.]

1. *Agent's power of attorney construed.*—A letter from H. to W., who were joint owners of a tract of land, was in these words : " My work has been such that it has rendered me unable to come south this fall, and probably I shall not come before next season; and it is so that I cannot get any money to send you, to make the next payment on the place, without going to Boston; and I think that I will let you sell my part of it, for what it will fetch ; or I should like for you to buy it of me, and pay me whatever you think is right for the place and all that is on it; and if you will conclude to buy it, you will oblige me very much, and you may have your own time to pay for it, or at least you may have two years. I would [not] sell, but the country is such that I cannot have my health, and without that I am good for nothing. Probably I shall come out next season and see you ; or, if there is a good chance for work, the last part of this winter ; and next summer you may write to me, and I may probably run the risk to try it again for a short time." * * * * * "If you have much work on hand, write to me soon. But I want you to sell my part of the place at some rate, and all that is on it, unless you want it yourself ; and if you do, let me know what you will give." *Held*, that the letter conferred authority to sell the land.

2. *Contract of agent enforced against principal.*—A deed, executed by an agent with authority to sell, although ineffectual as a conveyance of title because the agent's authority was not given under seal, will be upheld in chancery as evidence of a contract to sell.

APPEAL from the Chancery Court of Lowndes.
Heard before the Hon. WADE KEYES.

THE bill in this case was filed by Abram Morrow against Eldridge Higgins, and alleged that said defendant and Richard C. Watson, on the 30th November, 1846, were the joint owners of a tract of land, containing about 200 acres; that on that day Higgins wrote and sent a letter to Watson, authorizing him to sell the land ; that Richards exhibited this letter to complainant on the 14th May, 1847, and proposed to sell him said land; that complainant, relying on the authority conferred by this letter, purchased the land, paid the purchase money according to the terms of the contract, and received from Watson two deeds, one from himself and wife individually, and the other signed by him in the names of himself and Higgins ; that complainant took possession of the land under these deeds, and has ever since retained it, until he sold a portion of it to one Luckie ; that Watson has since died ; and that Higgins has commenced an action at law to recover the land.   The bill prays an injunction of the suit at law, a conveyance of the legal title, and general relief.

The letter from Higgins to Watson, which is exhibited with the bill, and dated November 30, 1846, is in these words:

" Mr. Watson—Dear Sir :  My work has been such that it has rendered me unable to come south this fall, and probably I shall not come before next season ; and it is so that I cannot get any money to send you, to make the next payment on the place, without going to Boston ; and I think that I will let you sell my part of it for what it will fetch, or I should like for you to buy it of me, and pay me whatever you think is right for the place and all that is on it; and if you will conclude to buy it, you will oblige me very much, and you may have your own time to pay for it, or at least you may have two years.   I would [not] sell, but the country is such that I cannot have my health, and without that I am good for nothing.   Probably I shall come out next seasom and see

you, or, if there is a good chance for work, the last part of this winter ; and next summer you may write to me, and I may probably run the risk to try it again for a short time. I have done the joiner's work on two brigs and one ship since I got home, and now I am finishing the outside of a large house ; and I think I shall get done about christmas, and then I shall be at leisure. I have not known what it is to feel sick since I got home, and I can probably do as much now in a day as the next man. It would do me good to work with you about this time, for I think I should be able to do my part ; and if you have much work on hand, write to me soon. But I want you to sell my part of the place at some rate, and all that is on it, unless you want it yourself ; and if you do, let me know what you will give."

The chancellor dismissed the bill for want of equity, and his decree is now assigned as error.

WATTS, JUDGE & JACKSON, for the appellant.

THOS. WILLIAMS, *contra.*

WALKER, J.—The letter exhibited with complainant's bill, and made a part of it, was a clear authority to sell the land.—Wilson v. Troup, 7 Johns. Ch. 25; 16 Ala. 581.

"It may be asserted, as a general rule, that in all cases, where an agent has contracted within the sphere of his agency, and the principal is not by the form of the contract bound at law, a court of equity will enforce it against the principal upon principles *ex æquo et bono.*"—Story on Agency, 209, § 162. Although the deed executed by the agent in this case may be ineffectual as a conveyance of the legal title, because the authority of the agent was not given by a written instrument under seal, it may be upheld in chancery as evidence of a contract to sell.—Story on Agency, 55, § 49 ; Cocke v. Campbell & Smith, 13 Ala. 286 ; Welsh v. Usher, 2 Hill's Ch. R. 167; 4 Wend. 285 ; Story on Agency, § 160, notes.

The principles above laid down are conclusive in favor of the equity of the appellant's bill ; and therefore the decree of the court below is reversed, and the cause remanded, at the costs of the appellee.

STONE, J., not sitting.