# BYRNE vs. MARSHALL.

[REAL ACTION IN THE NATURE OF EJECTMENT.]

1. *Different written instruments ; when will be presumed to evidence but a single contract.*—When two instruments of writing are executed on the same day, relate to the same subject-matter, and one refers to the other, the presumption is that they evidence but a single contract.

2. *Fee absolute, upon condition, &c.; what instrument creates.*—J. being indebted to M., conveyed to him certain real estate in payment, and received from him at the same time a writing, not under seal, nor attested or acknowledged, in which M. bound himself to leave the property under J.'s control and possesion for three years, with the privilege of selling any or all of it, and retaining whatever amount he realized by such sale, over the valuation placed upon such portion in the sale to M. and the taxes and interest,—*Held*, that M.'s estate in the property was a fee absolute, upon condition of divestiture by a sale by J., within the time specified, and as to a purchaser from J., the latter was to be considered the absolute owner, and that the formalities of the execution of the conveyance attached to the writing.

APPEAL from the City Court of Selma.
Tried before Hon. J. S. CORBIN.

This was an action, in the nature of ejectment, brought by the appellee against the appellant, to recover a certain lot in the city of Selma.

The main facts of the case, as appear from the bill of exceptions, reserved on the trial, are as follows: On the 13th of October, 1860, William Johnson sold and conveyed to the appellee, Marshall, a number of lots in the city of Selma, including the lot in question, by a deed in fee, in payment of a debt due from him to Marshall, of $81,500. This conveyance was duly acknowledged and recorded. The property thus sold was valued in separate parcels by persons chosen by the parties. Johnson was dissatisfied with this valuation. On the same day that Johnson executed the deed to Marshall, Marshall, (" as a part of the same transaction," according to the witness Johnson's tes-

timony,) executed the following writing, and delivered the
same to Johnson :.

"SELMA, Oct. 13th, 1860.

"Having this day purchased from Mr. William Johnson
certain real estate in the city of Selma, Ala., as set forth in
deed made by him of this date to me, amounting in the
aggregate to the sum of $81,500, viz : [here follows descrip-
tion of property sold, in parcels, with the valuation of each
parcel annexed, among which is included the lot in suit,]
I hereby bind myself to leave the property under his con-
trol for the term of three years, and give him the privilege
of selling any or all of said property, and to give him the
entire benefit of all he may obtain for said property, over
and above the price stated, including the interest and taxes
thereon.

(Signed)                          "B. F. MARSHALL."

This writing was not under seal, nor was it attested or
acknowledged.

William Johnson continued in the possession of the prop-
erty, and on the 2d September, 1863, before the expiration
of the three years, sold and conveyed the lot sued for, and
another, to his son, F. L. Johnson, and put him in posses-
sion. Proof of the loss of said deed being made, secondary
evidence was admitted to prove its contents and execution.
It was proven to be "in the usual form and with the usual
covenants," and to have been duly attested and acknowl-
edged before a justice of the peace. The consideration of
this sale was $10,000 in groceries and dry goods, valued at
much less than they were worth in Confederate currency,
and at much more than their value in lawful money, before
or since the war. The estimated value of these two lots
in the sale to Marshall was $6,000. Marshall was not in-
formed of this sale, at the time, nor was the consideration
paid him. He refused to ratify it, when informed.

On the 28th of September, 1863, F. L. Johnson sold and
conveyed in fee the lot in suit to Mrs. M. J. Byrne, the
wife of the appellant, who, with her husband, went into pos-
session on that day, and so continued until the commence-
ment of this suit.

The court, in a lengthy charge as to the law of the case,

which need not be further noticed, charged the jury that the power granted to Johnson, by the instrument made by Marshall, to sell, gave him no power to convey, and must be construed as a mere right to contract to sell; that any sale made under the power was subject to the confirmation of Marshall, &c. The court, at the request of the appellee, charged the jury, that " if they believed the evidence they must find for the plaintiff;" to which charge, and the general charge of the court, as well as the refusal to give a charge requested by the defendant, and which it is unnecessary to set out, the defendant duly excepted.

The charges given and refused are now assigned for error.

PETTUS & DAWSON, and ALEX. WHITE, for appellant.
MORGAN & LAPSLEY, *contra.*

B. F. SAFFOLD, J.—A construction of the writing given by Marshall to William Johnson will dispose of the assignments of error. This writing, with the evidence of William Johnson, sufficiently shows that it was made on account of Johnson's dissatisfaction with the valuation of his property; that it formed a part of the consideration of the deed from Johnson to Marshall, and ought to be considered in connection with it; that the two instruments evidence but a single contract. They were made on the same day, relate to the same subject-matter, and one refers to the other.—*Strong's Ex'rs v. Brewer*, 17 Ala. 706; *Sewall v. Henry*, 9 Ala. 24; *Doe, ex dem. Holman v. Crane*, 16 Ala. 577.

What must be the legal effect of the two writings embodied in one instrument? What estate was vested in Marshall by Johnson's deed? A fee absolute. How was it affected by Marshall's writing? It was liable to be divested by Johnson's selling all or any part of the property, within three years, for a sum equal to the prescribed valuation and the accrued interest and taxes, or by refunding that amount of money to Marshall. Such an estate is one upon condition subsequent. —2 Coke upon Litt. 201, *a;* 4 Kent's Com. 120; 7 Cranch, 237; 14 Pick. 467; *Sewall v. Henry*, 9 Ala.

24. "It stands indifferent whether it be the speaking of the grantor or grantee ; for in that case it shall be referred to the grantor, as no condition can be reserved or made but on the part of the donor, lessor or feoffor".— 2 Coke on Litt. 203, *b*, note 1.

How is the defeasance in this deed to affect a purchaser from Johnson? Johnson is under obligation to sell for more than the valuation and the interest and taxes, but this requisition is complied with if the average of the sales is more. Must the purchaser see to this? When the grantor in any conveyance reserves to himself, for his own benefit, an absolute power of revocation, such grantor must be taken as the absolute owner of the estate conveyed, as to the rights of creditors and purchasers.—Rev. Code, § 1594. Every power of disposition is deemed absolute, by means of which the donee of such power is enabled in his life-time to dispose of the entire fee for his own benefit.—Rev. Code, § 1598. Marshall having suffered Johnson to reserve a power of defeating his grant, though upon conditions good between them, must be deferred to one to whom he has virtually given permission to purchase the estate.—Sugden on Vendors, 2d Part, m. pp. 155, 180 ; Same on Vendors and Purchasers, (6th, ed.) pp. 640, 641. Whatever advantage, if any, Marshall might have derived from the record of his deed, was nullified by the possession of Johnson, the one being as notorious as the other.

The writing of Marshall was a clear authority to Johnson to sell.—*Morrow v. Higgins*, 29 Ala. 448. Johnson was not his mere agent. The power reserved to him, was not a power of attorney, it was a power coupled with an interest and irrevocable.—Rev. Code, §§ 1608, 1612. Though a seal is not necessary to convey the legal title, this writing related to the deed, and was clothed with its formalities. *Habergham v. Vincent*, 2 Vesey, 228 ; Rev. Code, §§ 2599, 1535. The moment Johnson sold the lot, Marshall's title was divested in favor of the purchaser, who was remitted to Johnson's original title, by operation of law.—Rev. Code, § 1594. The charges given and refused by the court, not being in conformity with the principles declared in this opinion, the judgment is reversed and the cause remanded.