## C. S. LOBDELL ET AL. v. J. W. MASON.

1. **LEASE OF LAND BY AGENT.** *Verbal authority.* *Code* 1880, §§ 1180, 1292.

    Notwithstanding § 1180, code 1880, in the chapter on letters of attorney, declaring valid "conveyances of land, or contracts relating thereto," provided they are executed by an agent authorized by writing duly acknowledged, an agent verbally authorized may, under the statute of frauds, § 1292 of said code, execute a written contract binding his principal to make a lease of land for more than one year. *Curtis* v. *Blair*, 26 Miss., 309, explained.

2. **SAME.** *Authority of agent.* *Code* 1880, § 1188. *Equitable right.*

    Since, under § 1188, code 1880, a lease of land for more than one year must be by deed, the appointment of an agent to make it must be by deed. Therefore, an instrument executed by an agent who is only verbally authorized, purporting to rent land for more than one year, is invalid as a lease for the time over one year. But, in equity, it is good as a contract binding the principal to execute a lease.

3. **UNLAWFUL DETAINER.** *Possession.* *Equitable right.* *Code* 1892, § 4461.

    The action of unlawful entry and detainer under § 4461, code 1892, being possessory only, and not involving title, will not lie against one who has entered under a lease valid for one year, and holds under a contract enforcible in equity against the plaintiff as a lease for a longer period.

FROM the circuit court of Bolivar county.

HON. R. W. WILLIAMSON, Judge.

The case is stated in the opinion.

*Fred Clark*, for appellant.

Under § 1292, code 1880, no action is maintainable on a contract for the sale of lands or a lease for more than one year, unless the same is in writing, signed by the party to be bound, or by some person "thereunto lawfully authorized." Section 1180 requires the authority to be in writing and acknowledged or proved.

The decision in *Curtis* v. *Blair*, 26 Miss., 309, is not appli-cable, for when it was made there was no statute requiring the agent's authority to be in writing.

Section 1188, code 1880, declares that the title to land for a longer term than one year shall not pass except by writ-ing. In view of these sections, it was necessary that the authority of Lobdell should be by writing. Any other con-struction excludes from consideration entirely § 1180.

The judgment should be reversed, and judgment entered here in favor of appellants.

*Moore & Jones,* for appellee.

In *Curtis* v. *Blair*, 26 Miss., 309, it was expressly decided that the *authority* of an agent to make a contract for the sale of land was not required to be in writing. This decision was cited and approved in *Baker* v. *Griffin*, 50 Miss., 158.

The statutes referred to by opposite counsel were in force when the last-mentioned case was decided. These statutes merely prescribe a mode of conveyance of land by an agent, without precluding other modes.

COOPER, J., delivered the opinion of the court.

The appellants, who are the heirs at law of Mrs. E. J. Parkinson, brought this action of unlawful and forcible entry and detainer against the appellee to recover possession of the lands described in their petition. The case was tried by the judge on an agreed state of facts, and, from a judg-ment in favor of the defendant, the plaintiffs appealed. From the agreed facts it appears that, in February, 1892, C. S. Lobdell, having verbal, but no written, authority from Mrs. Parkinson, executed to Mr. Mason a lease of the plan-tation of Mrs. Parkinson, of which the demanded lands were a part, for the year 1892. The concluding clause of the lease is as follows : "It is also agreed that the said J. W. Mason is to build a good plank cabin, with brick chimney, front gallery and shed-room, near the north-west corner of the

land, and on the north-west side of Brown's bayou, near the pool, and is to have the use of said land for the years 1892, 1893 and 1894."

At the expiration of the year 1892, Mrs. Parkinson being then dead, the appellants notified Mason not to make the improvements on the land, as they would claim that the lease thereof, beyond the first year, was void under the statute of frauds, because Lobdell, the agent of Mrs. Parkinson, was not authorized, in writing, to make the lease. Mason assigned his term to his wife, the appellee, who, notwithstanding the notice by the appellants, proceeded to erect the cabin, whereupon the appellants instituted this action.

Our statute of frauds does not contain the first and third sections of the English acts of 29 Car. II., by which the instruments therein referred to are required to be signed by the parties or by " their agents thereunto lawfully authorized *in writing;* " it is framed after the fourth section of the English act, and denies action upon the contracts it enumerates " unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him or her thereunto *lawfully authorized.*"   Code 1880, § 1292; Code 1892, § 4225.   Among the contracts it enumerates is the making of a lease for a longer term than one year.   Under this statute, the appointment of the agent by whom the contract is signed, is not required to be in writing.   *Curtis* v. *Blair,* 26 Miss., 309.

Counsel for appellant concede that the authority of Lobdell to make the lease would not be required to be in writing by the statute of frauds, but contend that, after the decision in *Curtis* v. *Blair,* a new statute was adopted in this state, by reason of which no valid lease for more than one year could be executed by an agent having verbal authority only. The provision appealed to is § 1180, code 1880, and is as follows : " Conveyances of land, or contracts relating thereto, executed by an attorney in fact for his principal, and duly ac-

knowledged or proved, shall have the same force and effect as if executed and acknowledged by the principal, provided such attorney be appointed by some writing duly executed and acknowledged by the principal or proved in the manner conveyances of land are required by law to be executed and acknowledged or proved; and when a conveyance by an attorney is in execution of letters of attorney, it shall pass the interest of the principal, though not formally executed in his name." The original of this section is found in the code of 1857, art. 2, ch. 37, which code was adopted several years after the decision in *Curtis* v. *Blair.* By another section of the code it is provided that " no estate of inheritance or freehold, or for a term of more than one year, in lands or tenements, shall be conveyed from one to another, unless the conveyance be declared by writing signed and delivered." Code 1880, § 1188; Code 1892, § 2434.

Shortly stated, the proposition of appellant's counsel is this: By § 1188, code 1880, conveyances in fee of freehold or for a term of more than one year must have been by deed; by § 1292 contracts for the sale of lands, tenements or hereditaments, or the making of a lease thereof for a longer term than one year, were required to be in writing, signed by the party to be charged therewith or by an agent thereunto lawfully authorized; § 1180 declares what shall be necessary for the lawful appointment of an agent to execute for his principal the conveyances required by § 1188 or the contracts required by § 1292.

Upon a cursory reading of the statutes, the position of counsel seems plausible and reasonable, but a careful examination of them shows it to be unsound. Prior to March 2, 1854, there was no law in this state providing, *eo nomine,* for recording powers of attorney. On that day an act was passed admitting such instruments to record, and making certified copies thereof admissible in evidence. Laws 1854, p. 156. This act, enlarged by the addition of three other articles, became, in the revision and codification of the laws, chapter 37, p. 322,

code of 1857. One of the added articles authorized married women, jointly with their husbands, to appoint attorneys in fact, by whom they could make conveyances of their estates. Another provided for the appointment, by one interested in the administration of an estate of an attorney in fact to represent him in such administration. The other, with some changes subsequently made, became § 1180 of the code of 1880. This section has been brought forward from the code of 1857 into those of 1871, 1880 and 1892, and in each of these codes the statute of frauds, as it was written when the case of *Curtis* v. *Blair* was decided, has been re-enacted. The effect now sought to be given to this section has never been suggested in any decision, and there is nothing in the history of legislation tending to show that it has received that construction in the legislative department.

If the construction contended for by appellants be correct, no conveyance of land, or contract relating thereto, executed by an attorney in fact for his principal, would be valid unless the power of attorney be not only executed by the principal, but also "acknowledged by the principal, or proved in the manner conveyances of land are required by law to be executed or acknowledged or proved," for this is as much required by the statute as that the appointment shall be in writing. The error of construction into which counsel falls arises from the fact that he construes the words "contracts relating thereto," in § 1180, to have the same meaning as the words "any contract for the sale of lands, tenements or hereditaments," in § 1292. This is a mistake. The "conveyances of land, or contracts relating thereto," referred to in § 1180, are those which by § 1188 are required to be in writing, or contracts of like final character—contracts under and by virtue of which rights in land pass to and are vested in the party claiming thereunder, and which are usually spread upon the records under the recording acts as muniments of title. As we have shown, the original of this section was passed for the sole purpose of admitting to record powers of

attorney and making copies thereof receivable in evidence.
The statute, substantially as it now exists, has been the law
for nearly fifty years, in which time it has been four times
re-enacted in our codes, in which codes the statute of frauds
has also been brought forward in the same language in which
it existed when the decision of *Curtis* v. *Blair* was made.
Under such circumstances, we should hesitate to adopt the
construction of the statute now for the first time suggested,
even if it appeared to be one which might have been reason-
ably adopted years ago.  But we are satisfied that the con-
struction given by us would have been accepted if the point
had been then raised.  Under § 1188, code 1880, it was es-
sential to the validity of a lease for more than one year that
it should be made in writing, signed and delivered.  By
§ 993 of the same code the use of private seals was dispensed
with, and so the instrument required by § 1188 for the con-
veyance of the estates therein recited was the deed of the
party.

Since, in the making of a lease for a longer term than one
year, it was essential that it should be by deed, the appoint-
ment of an agent to make such lease was also required to be
by deed.  Story on Agency, § 49; *Humphreys* v. *Wilson*, 43
Miss., 328; *Adams* v. *Power*, 52 *Ib.*, 828.  It follows from
this that the instrument, as a lease, was invalid for want of
authority to execute it.

But it is well settled that when an agent having power to
make a contract for the sale of land, but no power to make
a deed, makes a deed, though the instrument be void as a
deed, it is good in equity as a contract to convey, and that a
party entering upon lands under such an instrument is, in
equity, entitled to retain possession. *Groff* v. *Ramsy*, 19
Minn., 44; *Thomas* v. *Joslin*, 30 *Ib.*, 388; *Baum* v. *Dubois*,
43 Pa. St., 260; *Morrow* v. *Higgins*, 29 Ala., 448; *Ledbetter*
v. *Walker*, 31 *Ib.*, 175; *Worrall* v. *Munn*, 5 N. Y., 229; *Long*
v. *Hartwell*, 34 N. J. L., 116; Reed on Statute of Frauds,
§ 337.

The instrument being invalid as a lease, but binding as a contract for a lease, the remaining question is whether the defendant, being in possession of the land, claiming the same under such instrument, may defend her possession against the owner. The action of unlawful entry and detainer is statutory, and is given to " any one deprived of the possession of land by force, intimidation, fraud, stratagem, stealth, and to any landlord, vendor, vendee, mortgagee or trustee or *cestui que trust,* or other person against whom the possession of land is withheld by his tenant, vendee, vendor, mortgagor, grantor or other person after the expiration of his right by contract, express or implied, to hold possession," etc.  Code 1892, § 4461.

The action is possessory only, and does not involve title. *Spears* v. *McKay,* Walker (Miss.), 265; *Loving* v. *Willis,* 4 How. (Miss.), 383.  It can be brought only in the cases specified in the statute.  *McCorkle* v. *Yarnèll,* 55 Miss., 576.

The defendant entered upon the land in controversy under assignment of the right of her husband, who himself entered into a lease of the land, valid as a lease for one year and good as a contract of lease for three years.  The owner was not, therefore, deprived of the possession of his property by force, intimidation, fraud, stratagem or stealth, nor does the defendant retain possession as tenant " after the expiration of his right by contract to hold possession."  On the contrary, the defendant is in possession claiming under a contract by which she is entitled to compel the specific execution of a lease by the plaintiffs, and, consequently, is also entitled to the possession of the premises.

A different question would be presented if the action was one in which the title to the property was involved.  As the right of possession alone is involved here, the judgment of the court was rightly rendered for the defendant, and it is

*Affirmed.*