GRACE D. HOPPER ET AL. *v.* ELIZABETH F. McALLUM.

[40 South. Rep., 2.]

STATUTE OF FRAUDS. *Code* 1892, § 4225.

> Under Code 1892, § 4225, providing that a suit shall not be brought whereby to charge a defendant upon any contract for the sale of lands, unless the promise or agreement be in writing, etc., signed by the party to be charged "or some person by him or her thereunto lawfully authorized," it is unnecessary to the validity of an executory contract for the sale of lands that the agent by whom it was signed should have been authorized in writing.

FROM the chancery court of Kemper county.

HON. JAMES F. McCOOL, Chancellor.

Mrs. McAllum, the appellee, was complainant in the court below; Mrs. Hopper and her husband and others, appellants, were defendants there.

Two married men, McAllum and Jenkins, both having parol authority from their respective wives, but not being "thereunto duly authorized" in writing, executed for and on behalf of their respective wives a written agreement to exchange lands upon the determination of a particular lawsuit in a designated way.

Before the end of the suit one of the wives, Mrs. Jenkins, sold her land to Mrs. Hopper, who had actual notice of the written agreement above mentioned. The suit was finally terminated in the designated way, and Mrs. McAllum demanded that the exchange of lands be consummated. This being refused, she began this suit to compel specific performance. From a decree in complainant's favor Mrs. Hopper and her husband appealed to the supreme court.

*T. W. Brame,* for appellants.

Unquestionably the husband has not the authority to dispose of his wife's property unless he is lawfully authorized so to do;

and in order to be lawfully authorized to convey real estate, the authority to the husband must be in writing signed by the wife.

The husband has no more authority to dispose of the wife's real estate under verbal authority than any other person would have to whom verbal authority was given.

Code 1892, § § 2434, 4225, sets out how such a contract shall be made. Under this statute, the first section requires it to be by deed, signed and delivered; the second section requires that such a contract shall be in writing and signed by the parties to be charged therewith, or by an agent lawfully authorized. To be lawfully authorized to execute a conveyance, the parties must have authority as is designated by sec. 194 of the code, which says that "in all such cases the parties must have been appointed by some writing duly executed by the principal."

*George H. Ethridge,* for appellee.

The husband, or agent, cannot execute a conveyance unless his appointment is in writing; but he can make a binding contract, good in equity, to convey. *Lobdell* v. *Mason,* 71 Miss., 937 (s.c., 15 South. Rep., 44); *Curtis* v. *Blair,* 26 Miss., 309; *Edmondson* v. *Orr,* 12 Smed. & M., 541; *McCaleb* v. *Pradat,* 25 Miss., 257.

Argued orally by *William R. Harper,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

This case is controlled entirely by *Lobdell* v. *Mason,* 71 Miss., 937 (15 South. Rep., 44).

*Affirmed.*