HUTCHINSON *v.* PLATT ET UX.

[81 South. 281, Division B. No. 20642.]

1. FRAUDS. *Statute of. Necessity of writing. Authority. Landlord's agent. Lease.*

Our statute of frauds only requires an agent, in contracting for or agreeing upon leasing of lands for a term of years, to be "lawfully authorized" so to do, and his appointment is not required to be in writing. Nevertheless, a lease for a longer term than one year must be by deed, and if executed by an agent, the appointment of the agent should also be by deed, so it is that a written lease for a term of years executed by an agent acting under parol authority is invalid as a lease, but a party entering upon lands under such an instrument is in equity entitled to retain possession. Such an instrument is invalid as a lease, but binding as a contract for a lease, and if the tenant or lessee enters in possession, the contract is valid as a lease for one year and good as a contract of lease for the number of years agreed upon.

2. STATUTE OF FRAUDS. *Lease for term of years by agent under parol authority. Validity. Consideration for rent.*

Where a tenant accepted a written lease for five years executed by an agent of the landlord under parol authority and in reliance thereon demanded possession from the holder of the premises, the lease being enforceable for one year as a lease and as a contract for a lease for the remainder of the five years. In such case the lessee was liable for rent for the first year although he did not get possession of the premises, the lease not requiring the landlord to put the tenant in possession.

3. TRIAL. *Action to recover rent. Instructions as to execution and validity of lease.*

While the expression that plaintiff's were "under no obligation to sign any other lease" embodied in an instruction in an action by a landlord for rent, was subject to criticism, yet where the tenant did not decline the lease because not acknowledged, but accepted it and the jury were expressly told in another instruction that if the tenant demanded that the lease be acknowledged before execution of rent notes and acceptance of the contract, or if the lease contract was never signed, verdict should be rendered for defendant, such instructions when taken together fairly presented the tenant's defense.

4. TRIAL. *Action for rent. Execution of lease. Evidence. Instructions.*

In this case which was an action for rent, the court held that the use of the word "completed" and the phrase "agreed upon" in the instructions upon the question of the execution of the lease, did not mislead the jury in view of other instructions given.

APPEAL from the circuit court of Washington county. HON. H. H. ELMORE, Judge.

Suit by A. Platt and wife against J. N. Hutchinson. From a judgment for plaintiffs, defendant appeals.

The facts are fully stated in the opinion of the court.

*R. B. Campbell,* for appellant.

Counsel for the ·appellees interpret the opinion of the supreme court, in *Lobdell* v. *Mason,* 71 Miss. 937, as holding that a lease for more than one year, made by an agent, in behalf of his principal, without authority in writing, or a power of attorney, is valid as a lease for one year, though invalid for the period of time in excess of one year.

I do not regard that opinion as so holding. The lease construed in that case, was specifically for one year, the year 1892; and its concluding clause was, to the effect, that the tenant was to build a cabin on the leased premises, and was to have the use of said land, not only for the year 1892, but also for the years 1893 and 1894, and the court said, among other things, that: "the defendant entered upon the land in controversy

under assignment of the right of her husband, who himself entered into a lease of the land, valid as a lease for one year, and good as a contract of lease for three years." The court didn't say in that case, nor hold, that a lease purporting to be for five years, or three years, void for want of written authority of the agent to execute it, valid as a lease for one year.

Furthermore, the tenant in that case occupied the leased premises, and the action against him was unlawful entry and detainer, and the case was decided on equitable principles; and it is no authority for maintaining a suit at law upon a covenant contained in such invalid lease, in favor of one, who failed to give what he agreed to give.

Hutchinson, the appellant, in the instant case, was never in possession of the leased premises. In a note to American State Reports, page 752, the authorities, as to the effect of a parol lease for more than one year, are collected; and there it is said, that: "A verbal lease, which is void under the statute, because made for a longer term than is allowed by it, is nevertheless generally construed to be good and valid as a lease for a year, or from year to year if possession is taken under it."

Again, it is stated in that note that "an oral lease for more than a year under the statute is not valid, even for one year, unless the tenant has possession under it for that entire period."

In *Talamo* v. *Spitzmiller,* 120 New York Report 37, it is held that a parol agreement for a term of years is not effectual to create a tenancy for one year. The same is true where the lease is void, for want of written authority in the agent to execute it.

Counsel for the appellees suggest, in their brief, that I have not contended in mine that there is any injustice in the judgment. I have contended throughout my brief that the instructions given for the plaintiffs constituted reversible error, and that implies under

Rule 11 of the supreme court rules, that those instructions resulted in a miscarriage of justice; otherwise they would not constitute reversible error.

The injustice in the judgment results from the fact that appellant has been held liable for the rent of land, which he never occupied, and from which he never received any benefit in favor of appellees, who bargined to give him a five years lease, but failed to do so, and who notwithstanding their failure in that regard, were allowed to recover rent for one year. In other words, appellees have recovered judgment against the appellant, based upon a contract, admittedly void, and which they never fulfilled, nor offered to fulfill, and the subject-matter of which was never enjoyed, in any way, by the appellant; and that, in my opinion, is gross injustice, especially as the appellant refused to execute any notes for the rent, called for by the contract, unless the appellees would give him what he bargained for.

And I respectfully submit that the court, in instructing the jury to the effect that the lease, though purporting to be for five years, and invalid as such, was nevertheless valid as a lease for one year, and that appellees were under no obligation to give any other lease than for one year, led to said unjust judgment; and that the instructions, in that regard, as well as in other particulars, pointed out in my first Brief, constitutes reversible error.

*Percy & Percy,* for appellee.

The first instruction given for the plaintiff is as follows: "The court instructs the jury for the plaintiffs that if the lease in controversy was signed by the defendant and signed by A. Platt for himself and for his wife, and the lease completed between the parties, that this made a valid lease of 1916, and the plaintiffs were under no obligation to sign any other lease, and

the plaintiffs are entitled to recover one thousand four hundred dollars, with interest from the 15th day of November, 1916, unless the jury believe from the evidence that there was a valid lease outstanding made prior to this lease by the plaintiffs to Hugh Foote.'' Counsel argues that this instruction was erroneous in three particulars: ''First, in leaving it to the jury to determine what was a ''completed'' lease; second, in declaring that The lease was ''a valid lease for 1916;'' and, third, in declaring that ''the plaintiffs were under no obligation to sign any other lease.'' And counsel states ''the court erred in leaving it to the jury to determine what was a completed lease, or in what sense the court used that term.'' Taking up his objections *seriatim,* the word ''completed'' was used in the ordinary sense. If everything had been done in connection with the leasing of the property, then the lease was completed and the jury were instructed that if the lease was completed between the parties that this made a valid lease for 1916. While it is true A. Platt had no authority, other than a verbal authority, from his wife to make the lease and the lease was for a term of five years, the lease was not only valid as a lease for the year 1916, but was valid as a contract for a lease and enforceable as such for the balance of the term. Counsel states that without written authority from his wife to make the lease, the lease sued on, signed by A. Platt in behalf of his wife, was void and cites the case of *Lobdell* v. *Mason,* 71 Miss. 937. Our understanding of the holding in that case is that a lease by an agent, having only verbal authority, for a term of years is not valid as a lease for the entire term but is a valid lease for the first year of the term and is enforceable in equity as a contract for a lease. The third objection of counsel to the instruction that the plaintiffs were under no obligation to sign any other lease, there was conflicting testimony before the court, the defendant stating that the plaintiffs were to sign another lease and the plaintiffs'

witnesses stating that the transaction was completed that night, and if the jury believed that the lease sued on was completed between the parties, then the plaintiffs were under no obligation to sign any other lease. If this instruction was not a proper one, we confess we are unable to properly draft one to cover the case. Counsel is just a bit hypocritical, as to the consideration for defendant's covenant to pay the rent, being the leasing of the property for a term of five years, the defendant promised to pay rent for the property each year in the sum of one thousand four hundred dollars. He had a valid lease for the first year of the term and a contract for a lease for the remainder of the term, which could be enforced in equity. It is only at a late date during the trial of the case that this objection occurred to the defendant. He did not take possession of the land because he did not think he had a lease for a term of years. To use the expression of the witness Hobart, he did not take possession because Hobart "bluffed him out of it."

Instruction No. 2 in behalf of the plaintiff is as follows: "The court instructs the jury for the plaintiffs that it is not necessary to the validity of a lease that it should be acknowledged or recorded." This instruction was given to meet the testimony offered by the defendant that he was advised a lease was not valid unless and until it had been acknowledged and recorded. The instruction is not on the weight of the evidence. It was not misleading nor did it lessen the effect of the evidence and even though the objections of counsel were well founded, instruction No. 1 given for the defendant cured whatever error was contained in this instruction. In instruction No. 1 for defendant, the jury were instructed that a lease contract, though signed by all of the parties, is ineffectual and not binding until the same is delivered and accepted as the final agreement between the parties, and further, that if he demanded the lease to be signed and acknowledged by Mrs. Platt

before he would accept delivery and the lease was never signed and acknowledged by her, the jury should return a verdict for the defendant. We respectfully submit that the instruction was properly given and if there was error in the giving of it, such error was cured, by the instruction given for the plaintiff.

We submit that instruction No. 3 given for the plaintiff was a proper instruction and if there was any possible error in the giving of this instruction, such error was cured by the instruction No. 1 given on behalf of the defendant.

We submit that the use of the terms "completed" and "agreed upon" in the instructions was correct and proper and did not in any manner mislead the jury. As stated, even though the instructions given for the plaintiffs were erroneous in the particulars mentioned by counsel, such error was cured by instruction No. 1 given for the defendant.

There is no doubt that the appellant is due the appellees the rent for the year 1916. The appellees leased the premises to appellant in good faith. True, he did not enter into possession of the property, but it was through no fault nor neglect of the appellees. He permitted himself to be "bluffed out" of possession of the property by Hobart. The appellees were under no duty to put him in possession as their lease specifically provided that they gave him the right of possession, and the appellant being the one at fault, we submit he is the one to bear the burden.

We submit the judgment in the court below was proper and should be affirmed.

STEVENS, J., delivered the opinion of the court.

Appellees instituted this suit in the circuit court of Washington county against J. N. Hutchinson, appellant, to recover rent for a plantation for the year 1916.

From an adverse judgment the defendant in the action appeals to this court.

Alexander Platt and H. M. Platt are husband and wife, and the wife is the owner of Longwood Plantation. They reside in Illinois. There is testimony tending to show that H. M. Platt, acting through her husband, leased Longwood Plantation to appellant for a term of five years at an annual rental of one thousand four hundred dollars a year. The lease was to begin January 1, 1916, and a writing purporting to be the written lease was signed by A. Platt for himself, and the name of H. M. Platt, his wife, was signed by A. Platt, acting upon parol authority. The written lease was in duplicate, was signed by Hutchinson, and one copy retained by Hutchinson and the other copy delivered to the Platts. The lease bears date November 4, 1915, and stipulates that five notes for one thousand four hundred dollars each were being executed; the first payable November 15, 1916, and one on November 15th of each suceeding year until all mature. After Hutchinson signed the lease, it appears that he took his copy into Greenville and consulted an attorney, who redrafted the lease and changed one or two provisions therein. The writing that was signed had the following stipulation:

"At which last-named date (January 1, 1916) the parties of the first part agree to give the right of possession to said party of the second part."

Instead of this provision, the attorney in redrafting the document stipulated that "the parties of the first part agree to give possession," instead of "the right of possession." There was evidence for the defendant tending to show that appellant did not accept his signed copy of the lease, but received it for the purpose of inspection and criticism, and that he had a right to redraft the instrument, and especially to require the plaintiffs to acknowledge the instrument in order that

it might be recorded. To the declaration of the plaintiffs claiming rent for the first year, the defendant interposed three special pleas, one of which, sworn to, denied that the alleged lease was the deed of the defendant and averred that the lease was never delivered or accepted as the final act of the parties. This plea is the only one which presents any point on appeal and is the only plea necessary to be mentioned. For the plaintiffs, there was testimony tending to show that the owners of the plantation signed and delivered the written lease and that the same was signed and accepted by appellant unconditionally. For the defendant, there is testimony tending to show that Alexander Platt carried to the defendant's house the written lease already prepared; that the defendant raised certain objections, whereupon Platt requested the defendant to take the lease and change it to suit himself; that the defendant thereupon erased certain provisions and interlined others, and thereupon signed his name and A. Platt signed for himself and for his wife; that rent notes were never executed because the lease was not delivered as final; that appellant advised Mr. Platt he desired to submit the lease to some one who knew more about it, and, if finally approved, he would sign and send the rent notes, etc. Mr. Hitchinson had the lease rewritten and forwarded the same to plaintiffs in Illinois for their execution. There was certain correspondence between the parties, and in a letter dated December 18, 1915, Hutchinson in writing Mr. A. Platt used this expression:

"I want to know from you what I am to expect, but I am pretty sure you will have to come down to give me possession, as from hearsay other parties don't intend to give up."

There is also a letter dated January 1, 1916, to the party then in possession of the premises, as follows:

Longwood, Miss., January 1, 1916.

Mr. J. H. Hobart, Longwood, Mississippi—Dear Sir: As you are aware of the fact I have leased Longwood Plantation From A. Platt.

"Under my lease from A. Platt, I demanded possession of property which you now occupy, known as A. Platt's part of Longwood Plantation.

"Yours truly,                    J. N. Hutchinson."

As a matter of fact, Hobart declined to give possession and remained in possession without right or authority from any one. Hobart states that he simply remained in possession and "bluffed them out." Appellant by this appeal complains of instructions 1 to 5, inclusive, given plaintiffs. These instructions read as follows:

"(1) The court instructs the jury for the plaintiffs that if the lease in controversy was signed by the defendant and signed by A. Platt for himself and for his wife, and the lease completed between the parties, that this made a valid lease for 1916, and the plaintiffs were under no obligation to sign any other lease, and the plaintiffs are entitled to recover one thousand four hundred dollars with interest from the 15th day of November, 1916, unless the jury believes from the evidence that there was a valid lease outstanding made prior to this lease by the plaintiffs to Hugh Foots.

"(2) The court instructs the jury for the plaintiffs that it is not necessary to the validity of a lease that it should be acknowledged or recorded.

"(3) The court instructs the jury for plaintiffs that the fact that no rent notes were delivered to plaintiffs does not affect their right to recover rent for 1916 if the lease sued on was agreed upon between the parties.

"(4) The court instructs the jury for the plaintiffs that the plaintiffs, under the lease, if such lease was agreed upon, were only obligated to give to defendant the right of possession on the 1st day of January, 1916, and if such lease was agreed upon, although they may

believe from the evidence that J. H. Hobart was in possession on that date and refused to surrender such possession, that in no way affects plaintiffs' right of recovery.

"(5) The court instructs the jury for the plaintiffs that under such a lease as is sued on in this case it was not necessary for or incumbent upon the plaintiffs to put the defendant in possession of the property, but simply to give him the right of possession, and the fact that the defendant never took possession of the property nor cultivated it during the year 1916 is no defense to the suit, if lease sued on was agreed upon."

For the defendant the following instruction was given:

"(1) The court instructs the jury for the defendant that a lease contract, though signed by all the parties, is ineffectual, and not binding until the same is delivered and accepted as the final agreement between the parties; and if the jury believe from the evidence that the defendant did not deliver or accept delivery of the lease contract sued on the night it was signed, and afterwards demanded that the same be signed and acknowledged by Mrs. Platt, the owner, before. he would execute the rent notes and accept delivery of the lease contract, and said lease contract was never signed and acknowledged, the jury should return a verdict for the defendant."

The main argument for the appellant challenges the propriety of instruction No. 1: First, because it uses the expression "completed lease" and thereby, as contended, leaves to the jury to determine what this expression means; secondly, in declaring that the lease was a valid lease for 1916; and, thirdly, in declaring that "the plaintiffs were under no obligation to sign any other lease." It is contended that the word "completed" is a word which the court and not the jury should define, and furthermore that the lease, being one for a term of five years, was executed by A. Platt as

agent for his wife without any written authority or power of attorney, and for that reason is void and not binding on the wife, the owner of the leased premises.

Instruction No. 2 is criticized because the jury were told that "it is not necessary to the validity of the lease that it should be acknowledged and recorded."

Instruction No. 3 is criticized on account of the expression "if the lease sued on was agreed upon;" the contention being that the lease might well be "agreed upon," but would not take effect unless its delivery was final.  The same expression was criticized in instruction No. 5.

The only contention which at all merits discussion is the one based upon the argument that the lease in question, being for a term of years, constituted as a whole the consideration for the defendant's covenant to pay rent; that the lease as such is void because within the statute of frauds; and that, if it is not a good lease for five years, it is not good for one year, and no suit, under the facts of this case, can be maintained thereon, even for the rent of the first year.  Counsel for appellant admits that, if the defendant had actually occupied the leased premises or enjoyed the benefit thereof for 1916, he would be liable for the rent of that year, but contend that the defendant never got possession and never enjoyed the use of the premises, and for that reason is not liable for the first year's rent.  Both parties rely upon *Lobdell* v. *Mason,* 71 Miss. 937, 15 So. 44.  We think the case mentioned clearly settles the proposition that our statute of frauds only requires an agent, in contracting for or agreeing upon leasing of lands for a term of years, to be "lawfully authorized" so to do and that his appointment "is not required to be in writing." Nevertheless, a lease for a longer term than one year must be by deed, and, if executed by an agent, the appointment of the agent should also be by deed.  So it is that a written lease for a term of years executed by an agent acting under parol authority is invalid as

a lease, but "a party entering upon lands under such an instrument is in equity entitled to retain possession." The case further holds that such an instrument is "invalid as a lease but binding as a contract for a lease," and that, if the tenant or lessee enters into possession, the contract is "valid as a lease for one year and good as a contract of lease" for the number of years agreed upon. The only difference between the case of *Lobdell* v. *Mason* and the case at bar is the fact that the defendant in the former case "entered upon the land in controversy," and here he, according to the verdict of the jury settling the facts, accepted the lease and demanded possession from the old tenant who held over without right or authority from the landlord or any one else.

If appellant before the entry or demand of possession had repudiated the agreement and stood upon his legal rights, a different case might have been presented. But the plaintiffs' theory of the facts was accepted by the jury and that under instructions which we think, fairly presented the issue. Under the plaintiffs' testimony, appellant accepted a written lease executed by A. Platt as agent for his wife, relied upon this lease in demanding possession from Hobart, and did not decline the contract because of any insufficiency of the lease until after his rent term began and he had failed to oust Hobart. While the defendant pleaded that one H. L. Foots held a prior lease, this issue was by the jury resolved against the defendant, and this plea presented the only possible obstacle in the way of the owner of the plantation entering into a good and valid lease with appellant. The failure of Hobart to surrender possession was through no fault of Mrs. Platt or her agent. If the lease in question was a good lease for one year, then appellant had the legal right to demand possession from Hobart and to maintain successfully a possessory action. The lease after all was not absolutely void but unenforceable as a lease for

five years, but under *Lobdell* v. *Mason, supra,* was a good lease for one year and a valid contract in equity for the enforcement of a lease for five years. *Lobdell* v. *Mason* was referred to with approval and controlled the decision of this court in *Hopper* v. *McAllum,* 87 Miss. 441, 40 So. 2. Under these authorities, there can be no question but that Mr. Hutchinson had a right to compel specific performance of his contract and to defend his possession of the leased premises.

As applied to the facts of this particular case, we see no substantial error in any of the instructions complained of. It is true that the expression embodied in the instructions that the plaintiffs were "under no obligation to sign any other lease" is subject to criticism and ordinarily a lessee who is tendered a written lease for a term of years which has not been duly acknowledged would have the right to decline acceptance until this legal formality has been complied with. But the facts do not show that appellant declined the lease for this reason, and an unackuowledged lease duly accepted by the lessee would certainly not be void because not acknowledged. The theory of the defendant was fully taken care of by instruction No. 1 granted the defendant. The jury are expressly told that if appellant demanded that the lease be signed and acknowledged before he would execute the written notes and accept delivery of the lease contract, and that if the jury further believed that the lease contract was never signed and acknowledged, verdict should be rendered for the defendant. This squarely presented to the jury the defendant's view and defense on this point. The defendant had offered testimony to the effect that he was advised the lease was not valid unless it was acknowledged and filed for record. To meet this criticism and position of the defendant, plaintiffs evidently asked for and secured instruction No. 2 given the plaintiffs.

We do not think the use of the word "completed" in the instruction misled the jury. The main issue was

upon the point of delivery and acceptance of the lease, and the jury were instructed that, if the lease was completed between the parties, this made a valid lease for the year 1916. Jurors are practical men and must have understood the point at issue. The word "completed" was used in the ordinary sense. The defendant had obligated himself to pay an annual rental and to evidence each year's rent by a promisory note. Under the view therefore that the lease was not only a valid lease for the year 1916 but valid as a contract for a lease and enforceable as such for the balance of the term, plaintiffs had the right to recover. Of course, there was conflicting testimony on the issue as to whether the plaintiffs were to sign another lease. The jury were instructed that, if they believed that the lease sued on was a complete transaction between the parties, then the plaintiffs were under no obligation to sign any other lease. Under the testimony the jury were authorized in believing that the defendant did not take possession because Hobart "bluffed him out of it." The plaintiffs' theory of the facts is corroborated by the writings themselves; that is to say, each party was in possession of a copy of a signed lease and Mr. Platt had taken his copy back home with him. Platt's copy was delivered the night the lease was signed. What we have said about the use of the word "completed" disposes of appellant's contention in reference to the phrase "agreed upon" used in the instruction. Even though these instructions be subject to criticism, we think any possible error is cured by instruction No. 1 given the defendant.

*Affirmed.*