Rogers v. Foley.*

(Division B.   May 11, 1925.)

[104 So. 78.   No. 24939.]

Frauds, Statute of. *Agent's authority to sign contract for principal may rest in parol.*

There being no requirement in the statute of frauds, section 4775, Code of 1906 (section 3119, Hemingway's Code), that the agent entering into a contract for his principal shall have been au-

thorized to do so by writing signed personally by the principal, the common-law rule prevails, which is that the authority of the agent to sign the writing on behalf of the principal may rest in parol.

---

*Headnote 1. Frauds, Statute of, 27 C. J., Section 372.

Appeal from chancery court of Tippah county.

Hon. J. G. McGowen, Chancellor.

Suit by Mrs. Grace Rainey Rogers, executrix of the will of Paul J. Rainey, deceased, against Will Foley. From decree for defendant, complainant appeals. Affirmed.

*B. N. Knox,* for appellant.

It has not been contended by the appellee that Purnell was in any wise authorized to execute the lease of the land in question to Foley, or that the lease as executed was binding upon the estate of Paul J. Rainey; but the contention is, as I understand it, that it is called because, as appellee contends, Rainey in his lifetime ratified the lease by assent, and attempted to bear this out by the unsupported proof of Squire Thomas. The testimony of Thomas, taken by itself, would tend to show that Rainey knew of the lease after its execution; that by not renouncing same and by allowing it to stand that he has ratified same by assent. Could Rainey, under the law, ratify the action of Purnell by parol? I submit that he could not. Unless the case is one in which the authority, if conferred in the first instance, must have been under seal or in writing, the ratification may be by parol. *Taylor* v. *Conner,* 41 Miss. 722.

In the case at bar, the authority to Purnell to execute the lease for a term of years, in order to have been legal, should have been in writing. Authority to execute a contract which is required to be under seal, must be conferred by an instrument under seal, and, consequently, the unauthorized execution of such a contract can only

be ratified by an instrument of equal formality. Huffcut on Agency, 40 footnote 1, and cases cited thereunder.

"The general rule of the common law is that an agent cannot bind his principal by a sealed instrument, unless he has been appointed by an instrument under seal." *Adams* v. *Power,* 52 Miss. 833.

The foregoing rule has been relaxed to such extent as to allow a subsequent ratification, by acts of a contract under seal, if the law does not require the instrument to be under seal (or written). Stating the rule conversely, if the delegation of the authority, under the statute of frauds, should be in writing, then the ratification must be in writing to be legal.

Our statute of frauds provides that where a contract is required to be in writing, and signed by the party to be charged, or his agent thereunto duly authorized, such authority must also be in writing; thus it seems clear that ratification would have to be in writing. Huffcut on Agency, 41; Elliott on Contract, page 130; *Taylor* v. *Conner,* 41 Miss. 722.

If Rainey had executed the lease, or if Purnell had been duly authorized to execute same, then Foley would, of course, be entitled to the undisturbed possession of the land for the term of the lease, with the right to cut and sell the timber thereon, but, if Purnell's act was unauthorized, then Foley's possession was illegal, being under a void lease. No evidence was submitted that Purnell was authorized to execute a written lease; he stated that "Rainey told me to go ahead and fix it up."

Purnell never divulged the fact to Rainey that he had executed a written lease. Foley never divulged it in Rainey's lifetime; they went five miles to get the acknowledgment taken, when a fellow employee in a few hundred yards was a notary public. All of these facts and circumstances show Purnell, Foley and others doing an act they did not want to disclose to the principal, and are absolutely contrary to the testimony of Thomas, as is all the other evidence in the case, wherein Rainey expressed his indignation in finding out later that Foley

had cut some of his timber. Why did Rainey do this, if he knew the contents of the lease as Thomas would have the court believe?

Rainey's lips are closed, but his actions before his death, his statement to other employees, clearly show Thomas' testimony as a pure fabrication.

In *Queen City Hoop Co.* v. *Barnett, et al.,* 127 Miss. 66, the court held that under section 4775, the sale of standing timber is within the statute meaning lands. By dissolving the injunction in the case at bar the lower court gave Foley the right to go ahead and cut all timber on the seventy-five acres of land, and complete the sale of the timber belonging to Rainey by Purnell to Foley. I submit to the court that any such theory is not only unsound, but is dangerous to the rights of any property owner, and would keep any landowner from knowing whether he owned his land or not.

I respectfully submit to the court that there was no legal ratification by Rainey of the lease in question, or of the unauthorized act of Purnell; therefore, the lease being void—the sale of the timber being void—no interest passed to the appellee and the court should have perpetuated the injunction.

*Fred B. Smith,* for appellee.

CAN FOLEY BE RESTRAINED IN HIS POSSESSION OF THE LANDS IN QUESTION, AND DISPOSSESSED BECAUSE HIS LEASE IS VIOLATIVE OF THE STATUTE OF FRAUDS? Foley cannot be dispossessed, or restrained in his possession of the premises in question, as was attempted to be done by the injunction in this case, on the theory that his lease is violative of the statute of frauds, in that Purnell had only oral authority from Rainey to make same. To hold that he can be so restrained or dispossessed the court must go squarely in the face of four clear, positive and decisive decisions of the supreme court of Mississippi on the question.

Counsel for appellant really does not insist in his brief that the lease in question is violative of the statute of frauds, but as that is the question on which the suit turned in the lower court, and the only real question in this issue, and the decision thereof decides the case, we shall continue along the line, as set forth in our brief to the chancellor of the lower court, and refer to a few decisions bearing on the point.

(A) DECISIONS OUTSIDE OF MISSISSIPPI. The statute of frauds does not require the authority of the agent, to make a contract contemplated by said statute, to be in writing. Parol authority is sufficient in all those states, whose statute like our own is patterned after the fourth section of the original English Statute. Story on Agency (9th Ed.) sec. 47; *Brandon* v. *Pritchett,* 126 Ga. 286; 7 Am. & Eng. Ann. Cas., 1102 and note. Again in Vol. 1912 B. Ann. Cas., 1295, there is another note on the same question, citing the decisions since the former note above referred to, was published.

(B) MISSISSIPPI DECISIONS. Our oldest decision on the subject is the case of *Curtis* v. *Blair,* 26 Miss. 322, in which it was held that the authority of the agent to make a binding contract for the conveyance of lands did not have to be in writing.

I now come back to three Mississippi cases, one of which was very recently decided, all based on facts almost identical with the facts in this case, and all holding that a lease like the one held by Foley is not violative of the statute of frauds, because our statute of frauds did not require the agent's authority to be in writing, and all holding that while the instrument was not good as a lease, for longer than one year, because of the other statute cited above, that it was good as a lease for one year and binding as a contract to lease for the remaining years, and that one entering into possession thereunder had a right to defend their possession, and demand specific performance. *Lobdel* v. *Mason,* 71 Miss. 937; *Hopper* v. *McAllum,* 87 Miss. 441; *Hutchinson* v. *Platt,* 119 Miss. 607.

I again call the court's attention to the fact that it is undenied that Rainey authorized his agent Purnell to rent the lands to Foley for the two-year term, and that Purnell being so lawfully authorized to do so, executed the lease in question. And the lower court passing on the facts found and determined this to be the case. I further call attention to the fact that there is nothing involved in this suit except the possession of the land, and that the original bill itself alleges that Foley was in possession when the suit was started. Therefore, in view of the three, hereinafter cited, decisions of our own court there is no escape from the conclusion that Foley's lease was not in violation of the statute of frauds, and that it is good as a lease for one year, binding as a contract for lease for the remaining year, and Foley being in possession thereunder cannot be dispossessed, but may demand specific performance which he has done. Therefore, the lower court was correct in dissolving the injunction and awarding damages to Foley.

ANDERSON, J., delivered the opinion of the court.

Appellant Mrs. Grace Rainey Rogers, executrix of the will of Paul J. Rainey, deceased, filed her bill in the chancery court of Tippah county to enjoin appellee Foley from the further use and occupation of a part of the lands of said estate. Appellee claimed the right to the use and occupation of the land in question by virtue of a written contract of lease for a term of more than a year entered into by him with one O. H. Purnell, claiming to act as authorized agent of said Paul J. Rainey in the execution of said lease. The principal question in the case, and the only one we deem necessary to discuss, is whether or not the lease involved was void under the statute of frauds, section 4775, Code of 1906; section 3119, Hemingway's Code.

The cause was heard on bill, answer, and proofs, and a decree rendered dissolving the temporary injunction issued in the cause and dismissing the bill and awarding

appellee damages for the wrongful suing out of the injunction.

There was sufficient evidence to sustain the finding of fact by the chancellor that Purnell, who executed the lease in question on behalf of the testate Paul J. Rainey, had been authorized by the latter so to do.

It was undisputed, however, that the authority of the agent Purnell was verbal and not written. Appellant's position is that under the statute of frauds it was not only necessary for the lease to be in writing, but if executed by an agent, and not by the lessor in person, it was necessary for the authority of the agent to so execute the lease to be in writing signed by his principal.

The applicable part of the section of the statute of frauds provides, in substance, that an action shall not be brought whereby to charge a defendant, or other party, upon a contract for the lease of land for a longer period than one year unless the promise or agreement upon which such action may be brought or some memorandum or note thereof shall be in writing (quoting the statute), "and signed by the party to be charged therewith or *some person by him or her thereunto lawfully authorized.*" (Italics ours.) The decisions of the courts in those jurisdictions, construing statutes of frauds expressly requiring the authority of the agent to be in writing signed by the principal, have no application to our statute which has no such requirement. Story on Agency lays down the rule that an agent may be appointed by parol; that this was absolutely indispensable to the exigencies of business, "otherwise the most ordinary transaction would be greatly embarrassed if not obstructed." Story on Agency (9th Ed.), section 47. It is useless, however, to discuss the authorities elsewhere. The question is foreclosed by the decisions of this court. In the absence of a provision in the statute requiring that the authority of the agent executing the contract on behalf of his principal be in writing and signed by the latter, the common-law rule prevails, and that is that the authority of the agent to sign the writing on behalf of the principal may

rest in parol. *Curtis* v. *Blair*, 26 Miss. 322, 59 Am. Dec. 257; *Lobdell* v. *Mason*, 71 Miss. 937, 15 So. 44; *Hopper* v. *McAllum*, 87 Miss. 441, 40 So. 2; *Hutchinson* v. *Platt*, 119 Miss. 607, 81 So. 281.

*Affirmed.*